Judge Ovvsi.fey
delivered the opinion.
To recover the amount of an obligation given by Lee, in 1306, to the intestate, Hughes, bis administrator brought this action in the cirouit court against Lee.
Lee pleaded two plea's — 1st, Payment; and 2d, Accord and satisfaction
By the plea of accord- Lee alledges, that after the writing obligatory was exefcuted, to wit, on the day of and before the decease of the intestate, it was agreed between him and the intestate, that the intestate should take up merchandize and store goods, in a store kept and owned by him, the said Henry Lee, and his brother Peter Lee, as partners in the town of Washington, to the full amount of said obligation; and that, in consideration thereof, the said James Hughes, on receiving in merchandise from the store aforesaid, the amount of said obligation, should deliver up to the said H. Lee the obligation aforesaid; and the said Lee alledges, that in consideration of the agreement aforesaid, the said Hughes did receive in merchandise, froth the store aforesaid, in satisfaction of the obligation aforesaid, the full amount thereof &c.
To each of these pleas the plaintiff replied, and issues being thereto joined, a jury was called.
On the trial of the issues, it was proven by William Lasbhrock, the store keeper for H. and P. Lee, that Hughes received merchandise from their store, at various times, between the 9th of May, IS09, and the 8th of January, 3811, to an amount greater than the obliga)ion-upon which the suit is brought; and that in 1814, he presented the account to Hughes, vVho, after examining if, acknowledged it to be correct, and observed, that he held H. Lee’s obligation and intended to pay the account therewith, and that he would bring the note to the store and give it up, .and. have a credit entered therefor, and pay ths balance of the account. The witness furs her said, that Hughes, at the same time, observed, it was understood that he was to have a credit for the obligation on H. Let; and Peter Lee, being also present, replied, that it was very well, and consentid that the pccount should stand for two or three weeks, at which time Hughes was to bring the note. I) was I'mii.it proveí,- by Feter Lee that he applied to Hughes ioi the money due hita *40 and H. Lee oh the account, at which time Hughes observed'be bad agreed with bis brother, H. Lee, to take up the amount of the note in the store, and promised to produce, and deliver the note to H. Lee, and settle the account; and that he, Peter Lee, then agreed that the note might be settled in the account. Peter Lee further proved, that he was partner in the store with H, Lee, from which the goods were received by Hughes, and that the goods were charged to Hughes and not to H Lee,‘.being sold to Hughes on his own credit, he not knowing of the contract, between Hughes and H. Lee, and not hearing of it until be was afterwards informed thereof by Hughes. This was, in substance, ali the evidence: whereupon the court, at the instance of the plaintiff, instructed the jury, that the evidence W3S insufficient, under the issues joined, to entitle the defendant Lee to a verdict for the account, and that they must disregard the same, and find for the plaintiff the amount of the obligation.
flardh and Bledsoe for appellant, Hag gin centra.
An obligor may apply to thed-scbarge of bis bond tin account for goods •pu xbased by obligee of a firm of which the obligor is a partner,and the plea of payment, net off, or accord ánd satisfaction, will reach the tease.
Under these instructions, a verdict was found for the plaintiff, andjudgment rendered thereon in favor of him.
■ We think the court erred in its instructions to the jury. We do not suppose that the agreement, proven to have been made between Peter Lee and Hughes, conduced, in any manner, to support the issues on the part of H. Lee; but we are of opinion, the confessions proven to have been made by James Hughes to the witnesses, should have been (eft with the jury, as conducing to prove, not only the accord «Hedged in the plea, but also the receipt of the goods by Hughes, under thM accord, in satisfaction of the demand upon which suit is brought. The goods, it is true, appear to have been charged by Peter Lee to the account of Hughes and on bis credit, but Hughes may; nevertheless, bave received tiiem in satisfaction of the demand on Henry Lee, under an agreement made with him; and although Peter Lee may not have been privy to that agreement, yet as Henry Lee was a partner with Peter, any agreement made with Hughes by Henry was binding on Peter also.
Tiie judgment must be reversed with costs, the cause remanded, and further proceedings had, not inconsistent with this opinion.